FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2022 OCT 27  AM 11: 40

U.S. DISTRICT COURT
DISTRICT OF MASS.

```
*************************************************
UNITED STATES OF AMERICA,                      *
                                               *
              -- vs. --                        *
                                               *
JAYNE F. CARBONE,                              *
                                               *
                        Defendant.             *
*************************************************
```

## OPPOSITION OF ROBERT BROOKS, PERSONAL REPRESENTATIVE OF THE ESTATE OF WAYNE T. KERR, AN INTERESTED PARTY TO THE FORFEITURE PROCEEDING REGARDING THE PROPERTY LOCATED AT 15-17 GROVE STREET, CHELSEA, MASSACHUSETTS

Now comes Mr. Robert Brooks, Personal Representative Of The Estate Of Wayne T.

Kerr, who is the Plaintiff in the Massachusetts Civil Action, pending before the Essex County

Superior Court, in Salem, Massachusetts, Docket Number 1877CV01382, herein after the "Civil

Action", who now **ARGUES** in **OPPOSITION** to the **FORFEITURE PROCEEDING**

**REGARDING THE PROPERTY LOCATED AT 15-17 GROVE STREET, CHELSEA,**

**MASSACHUSETTS,** all for the reasons stated herein after.

    1. ]    There is no dispute, by Mr. Brooks, that the Defendant, Jayne Carbone, has

received the Guilty Verdicts, as referenced in the Motion For Forfeiture [Motion, Paragraph 4]

now being Opposed and/or that the United States Of America received a Judgment, outstanding,

in the sum of $ 493,279.94. [Motion, Paragraph 6].

    2. ]    Mr. Brooks argues and says that the Plaintiff, in the referenced Civil Action has a

first filed, Lien, a **REAL ESTATE ATTACHMENT,** granted in the referenced Civil Action,

for $ 761,688.68, dated September 28, 2018, recorded, on October 11, 2018, with the Suffolk

County Registry of Deeds, at Book 60274, on Page 279, which increases at the rate of twelve

[12%] percent per year, since the date that the Civil Action was filed, and continuing until

Judgment. The Attachment by the Plaintiff in the Civil Action comes before the Attachment filed

by the United States Of America.

    3. ]    Further, as has been demonstrated in the Criminal Case and as argued in the Civil

Action, Mr. Brooks seeks to set aside the alleged transfer of the Title of this real estate to Jayne

Carbone. If that issue is successful, for the benefit of the Estate, then Jayne Carbone would hold

no interest in the real estate now being sought for forfeiture.

    4. ]    The Government [Motion, Paragraph 7] states that this Court Ordered that the

United States was entitled to amend its Order of Forfeiture [Money Judgment] at any time to

include substitute property having a value **NOT TO EXCEED THAT OF THE MONEY**

**JUDGMENT** [emphasis added]. The real estate in issue is argued to currently have a a market

value in the sum of approximately Nine Hundred Thousand Dollars [$ 900,000.00] and One

Million Dollars [$ 1,000,000.00], more or less as the market fluctuates.

    5. ]    It is noteworthy that no where in the pleadings now filed by the Government is

there an allegation that the real property now being sought for forfeiture has a value less than the

Judgment amount of $ 493,279.94. The Government should not be allowed to amend the Order

of Forfeiture as it has failed to meet an essential term and condition to do so.

    6. ]    There is no allegation, by the Government, that Jayne Carbone used the funds for

which she was found Guilty to acquire, renovate and/or improve the subject property. The funds

in issue are not traced, by the Government, as being used to acquire, renovate or improve the

property in issue, nor it this argued. In fact, there appears to be little doubt that Jayne Carbone

---

**OPPOSITION**

used the funds taken for her own benefit. The Government argues that it may forfeit real property

**WHICH CONSTITUTES OR IS DERIVED FROM PROCEEDS TRACEABLE TO THE**

**OFFENSES** [EMPHASIS ADDED] [Motion, Paragraph 2], which it has failed to do.

7. ]    Mr. Brooks argues that it would be manifestly unjust for Jayne Carbone to be

allowed to make payment of restitution of the funds taken for which she was convicted while not

forfeiting any property acquired by her. Selling the property of the Estate is not just or equitable.

The real property cannot be replaced to the Estate simply by money.

8. ]    On or about April 4, 2011, the Plaintiff and Ms. Carbone entered into an

Agreement, which was based upon the specific warranties and representations of Ms. Carbone

that the Plaintiff relied upon. Pursuant to said Agreement, the Plaintiff would receive services

from Ms. Carbone for which the Plaintiff provided compensation. The compensation consisted of

the Plaintiff providing a Quitclaim Deed, [Complaint, Exhibit G], which was recorded at the

Suffolk County Registry of Deeds, recorded in Book 47777, at Page 232, granting Ms. Carbone a

remainder interest in the Property, with the Plaintiff retaining a life estate.

9. ]    The Property had no liens or mortgages on it, at that time, and had a value in

excess of $ 700,000.00.

10. ]    Ms. Carbone specifically warranted and represented that she would manage the

Property for the benefit of the Plaintiff, which included Ms. Carbone collecting all of the rents

and then making payment of obligations to maintain the Property. Additionally, Ms. Carbone was

to organize the bills for the Property, so that they could be timely paid by the Plaintiff.

Additionally, Ms. Carbone was to cash the Social Security Checks of the Plaintiff and his

**OPPOSITION**

Retirement Checks. Additionally, Ms. Carbone was to balance the accounts held at Citizens and Nationwide. Ms. Carbone breached these duties and obligations.

11. ]    The Agreement between the Plaintiff and Ms. Carbone was, in part, based upon the specific warranties and representations that were relied upon by the Plaintiff that induced him to provide the compensation stated, so that during the Plaintiff's life time, the Plaintiff would have and would be the only person with total control over the Property and his two referenced accounts, including that the Plaintiff would rceive the beneift from the Property being free and clear of liens. The rental payments were to pay Property expenses only, to keep the Property free and clear so that Ms. Carbone would do nothing to interfere with the Plaintiff's warranted and represented rights to control and operate said Property, with no liens to be placed thereupon.

12. ]    The account held by the Plaintiff at Citizens was a Platinum Checking Account, which has an Account Number ending in XXXXXX0204, [Complaint, Exhibit E[A]]. The only person authorized to make withdrawals and/or transfers from said account was the Plaintiff. Ms. Carbone warranted and represented that the Plaintiff would maintain total and complete control over this account, that funds placed into and maintained within said account would be used solely for the benefit of the Plaintiff, that the funds placed into said account would remain in said account untouched by Ms. Carbone, and that the Plaintiff would be the only person to use this account. Based upon the reasonable reliance upon these warranties and representations, the Plaintiff allowed Ms. Carbone to balance said accounts, using the received Monthly Statements, and she would receive private information relating to the Plaintiff, which she used to the detriment of the Plaintiff.

**OPPOSITION**

13. ]   From on or about December 20, 2016 through July 12, 2018, Ms. Carbone,

without the Plaintiff's knowledge, consent or authority and by falsely forging the name of the

Plaintiff by signing the Plaintiff's name on Withdrawal Forms, improperly withdrew funds from

the Nationwide Life Insurance Company Contract, in the sum of $ 422,000.00, which

withdrawals are jointly attached as [Complaint, Exhibit F[A]] and incorporated herein as if

referenced here in full These withdrawals, [Complaint, Exhibits F[A] and H], consist of the

following:

        A. ]   $ 7,000.00 taken on or about 06-12-18;

        B. ]   $ 13,000.00 taken on or about 05-30-18;

        C. ]   $ 15,000.00 taken on or about 07-12-18;

        D. ]   $ 20,000.00 taken on or about 06-25-18;

        E. ]   $ 20,000.00 taken on or about 08-21-17;

        F. ]   $ 27,000.00 taken on or about 09-07-17;

        G. ]   $ 30,000.00 taken on or about 07-06-17;

        H. ]   $ 30,000.00 taken on or about 07-31-17; and

        I. ]   $ 260,000.00 taken on or about 12-20-16.

14. ]   From on or about January 04, 2017 through July 19, 2018, Ms. Carbone deposited

approximately $ 105,000.00 of the funds improperly withdrawn by Ms. Carbone, without

authority, from the Plaintiff's Nationwide Account with a Contract Number ending in

XXXXX8954, [Complaint, Exhibits F[A] and H], into the Plaintiff's Citizens Bank Platinum

Checking Account with an Account Number ending in XXXXXX0204, [Complaint, Exhibit

E[A]], and then these funds were removed from this account by Ms. Carbone, who did so without the knowledge, consent and/or authority of the Plaintiff and to his detriment.

15. ]    From on or about January 04, 2017 through July 19, 2018, Ms. Carbone deposited approximately $ 57,000.00, [Complaint, Exhibit H], of the funds improperly withdrawn, without authority, from the Plaintiff's Nationwide Account with a Contract Number ending in XXXXX8954, [Complaint, Exhibit F[A]], and these funds were then placed into Ms. Carbone's joint Citizens Bank Checking Account with an Account Number ending in XXXXXX1329, to the detriment of the Plaintiff.

16. ]    On of about January 04, 2017, Ms. Carbone took for her benefit and deposited approximately the sum of $ 260,000.00 of the funds improperly withdrawn, without authority, from the Plaintiff's Nationwide Account with a Contract Number ending in XXXXX8954, [Complaint, Exhibits F[A] and H], into an account of Ms. Carbone, to the detriment of the Plaintiff.

17. ]    From approximately June 14, 2017 through August 13, 2018, Ms. Carbone withdrew, without authority, funds from the Plaintiff's Citizens Bank Platinum Checking Account with an Account Number ending in XXXXXX0204, [Complaint, Exhibits E[A] and H], and caused amounts due, fees and/or charges to accrue in the amount of approximately the sum of $ 444,688.68, all to the detriment of the Plaintiff, as indicated on the Accounting attached as [Complaint, Exhibit H].

18. ]    Ms. Carbone has been collecting rents from the Property from the residential tenants located therein, which funds were to be used to make payment of the obligations due relating to said property. Instead, Ms. Carbone failed and neglected to make payment of the

**OPPOSITION**

obligations to operate this Property, including, but not limited to, the real estate taxes, the gas

service bills, the electric service bills, the water and sewer bills, the oil service bills and such

other and necessary invoices, as concerns the Property, known as 15 and 17 Grove Street, in

Chelsea, Suffolk County, Massachusetts 02150-2915, which is where the Plaintiff resides and in

which the Plaintiff has a Life Estate, which has been placed into jeopardy by these failures, all to

the detriment of the Plaintiff.

19. ]   Ms. Carbone breached her duty, obligation and agreement to keep the obligations

of the Property current and caused the Property to fall into arrears with the Chelsea taxing

authority, causing it to be placed onto the list of properties to be taken for non payment of taxes.

While this was taking place, Ms. Carbone warranted and represented that all of the obligations

were current.

20. ]   Ms. Carbone has failed to pay water and sewer bills from the City Of Chelsea,

outstanding, at the time of the filing of this suit, in the sum of $ 3,791.52. Ms. Carbone breached

her duty and obligation to keep the obligations of the Property current and caused the Property to

fall into arrears with the Chelsea taxing authority, causing it to be placed onto the list to be taken

for non payment of taxes. While this was taking place, Ms. Carbone warranted and represented

that all of the obligations were current.

21. ]   Ms. Carbone has failed to pay real estate tax bills and assessment, from the City

Of Chelsea, at the time of the filing of this action, in the sum of $ 14,773.92. Ms. Carbone

breached her duty and obligation to keep the obligations of the Property current and caused the

Property to fall into arrears with the Chelsea taxing authority, causing it to be placed on the list to

---

**OPPOSITION**

be taken for non payment of taxes. While this was taking place, Ms. Carbone warranted and represented that all of the obligations were current.

22. ]   As a part of the actions of deceit, fraud and concealment of Ms. Carbone, Ms. Carbone provided false Statements, from the two [2] financial institutions named herein, as stated above, which Statements, [Complaint, Exhibits E and F], indicated balances that were not the actual balances in each account, as each account had substantial withdrawals made that were concealed from the Plaintiff. These actions were to the detriment of the Plaintiff. In fact, none of the improper withdrawals were indicated in either account's statements. This was to conceal the theft of said funds by Ms. Carbone.

23. ]   Mr. Brooks disputes that this may be the only real estate that might be eventually forfeited, as Jayne Carbone does own a parcel of real estate, jointly with her spouse, but if her spouse was to pass on before Jayne Carbone, then that real estate would pass directly to Jayne Carbone and with the valuation of real estate increasing dramatically, that real estate may be subject to seizure, so as to satisfy some or possibly all of the amount due.

24. ]   In this case, as in the Federal Court Action, in summary, the claims against Ms. Carbone deal with her entering into an **AGREEMENT** with Mr. Kerr, around the Year 2011, by which she would have a Remainder Estate granted to her by Mr. Kerr, which he did, in exchange for her thereafter making timely payment of his expenses and timely collecting his income and funds due and securing them for his future, so that she would be eligible for the Remainder Estate so long as she maintained her contractual obligations, pursuant to the terms and conditions of their AGREEMENT. The Plaintiff alleged she breached the AGREEMENT, so that she no longer holds a Remainder or Title in he Property.

**OPPOSITION**

25. ]   To allow this real property to be forfeited would be to allow Ms. Carbone to profit from her criminal acts.

26. ]   Amounts taken from Nationwide by Defendant: $7,000.00 taken on or about 06-12-18; $13,000.00 taken on or about 05-30-18; $15,000.00 taken on or about 07-12-18; $20,000.00 taken on or about 06-25-18; $ 20,000.00 taken on or about 08-21-17; $27,000.00 taken on or about 09-07-17; $30,000.00 taken on or about 07-06-17; $30,000.00 taken on or about 07-31-17; and $260,000.00 taken on or about 12-20-16. The Defendant took $ 100,000.00 more or less resulting from Savings Bonds and Rental Receipts of about $ 50,000.00 per year from the Year 2011 through September of 2018.

27. ]   In reviewing the Civil Action, Mr. Brooks argues that the allegations in the Plaintiff's **VERIFIED COMPLAINT**, as well as such inferences as may be drawn therefrom, in the Plaintiff's favor, should be taken as true." Nader v. Citron, 372 Mass. 96, 98 [1977], citing Balsavich v. Local 170, Int'l Bhd. of Teamsters, 371 Mass. 283 [1976].

28. ]   The Plaintiff seeks against Jayne Carbone, UNJUST ENRICHMENT [Paragraph 28], being that the Plaintiff has complied with the three [3] elements to establish a claim for relief based on UNJUST ENRICHMENT, being [1] A benefit conferred upon the defendant by the plaintiff; [2] An appreciation or knowledge by the defendant of the benefit; and [3] The acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable [that is, unjust] for the defendant to retain the benefit without payment of its value." Hessleton v. BankNorth, 18 Mass. L. Rptr. No. 1, 7 [MA 5/11/2004], 18 Mass. L. Rptr. No. 1, 7 [Mass., 2004] [citing 12 Williston on Contracts § 1479 [3d ed. 1957]]; the plaintiff further seeks relief based upon CONVERSION, with the Plaintiff establishing the necessary elements being

**OPPOSITION**

that a defendant be proved to have "intentionally or wrongfully exercise[d] acts of ownership,

control or dominion over personal property to which he has no right of possession at the

time...."" Grand Pacific Finance Corp. v. Brauer, 783 N.E. 2d. 849, 57 Mass. App. Ct. 407 [Mass.

App., 2003] [citing Abington Natl. Bank v. Ashwood Homes, Inc., 19 Mass. App. Ct. 503, 507,

475 N.E. 2d. 1230 [1985]]; the Plaintiff also seeks relief for MONEY HAD AND RECEIVED,

being that the Plaintiff can establish the necessary elements being that "An action for money had

and received lies to recover money which should not in justice be retained by the defendant and

which in equity and good conscience should be returned to the plaintiff."Rabinowitz v. People's

Nat. Bank, 235 Mass. 102, 126 N.E. 289 [Mass., 1920]; the Plaintiff seeks relief for BREACH

OF FIDUCIARY DUTY, which the Plain tiff argues will be established to prove [1] the

existence of a fiduciary relationship, creating a duty owed to the Plaintiff; [2] a breach of that

duty; [3] that the Plaintiff suffered harm or loss; and [4] the Plaintiff's harm or loss was caused

by the Defendant's breach. See Estate of Moulton v. Puopolo, 467 Mass. 478, 492 [2014]; MAZ

Partners LP v. Shear, 265 F. Supp. 3d 109, 116 [D. Mass. 2017] [citing Hanover Ins. Co. v.

Sutton, 46 Mass. App. Ct. 153 [1999]]; the Plaintiff further seeks relief for BREACH OF

CONTRACT, being that Jayne Carbone breached her duty to maintain the real property and

failed to do so, as the Plaintiff will prove [1] the existence of a valid and binding contract, [2]

that the defendant breached the terms of the contract, and [3] that the plaintiff has suffered

damages from the breach. See Rombola v. Cosindas, 351 Mass. 382, 384 [1966]; Coll v. PB

Diagnostic Sys., 50 F. 3d. 1115, 1122 [1st Cir. 1995]. The plaintiff also seeks relief for FRAUD,

which the Plaintiff will establish by establishing that "the defendant [or its agent], made a false

representation of a material fact with knowledge of its falsity for the purpose of inducing the

**OPPOSITION**

plaintiff to act thereon, and that the plaintiff relied upon the representation as true and acted upon

it to [its] damage.' " Danca v. Taunton Sav. Bank, 385 Mass. 1, 8, 429 N.E.2d 1129 [1982]

[citations omitted]. See also Restatement [Second] of Torts § 525 [1977] ["One who fraudulently

makes a misrepresentation of fact, opinion, intention or law for the purpose of inducing another

to act or to refrain from action in reliance upon it, is subject to liability to the other in deceit for

pecuniary loss caused to him by his justifiable reliance upon the misrepresentation"] and the

Plaintiff seeks an EQUITABLE ACCOUNTING, "under Massachusetts law, the existence of a

fiduciary relationship is a prerequisite for an equitable accounting claim." Andrews v. First

Student, Inc. [D. Mass., 2011] [citing Chedd-Angier Prod. Co., Inc. v. Omni Publ'ns Int'l, Ltd.,

756 F.2d 930, 937 [1st Cir.1985], citing Ball v. Harrison, 314 Mass. 390 [1943]].

    29. ]   On or about April 4, 2011, the Plaintiff and Ms. Carbone entered into an

agreement, which was based upon the specific warranties and representations of Ms. Carbone

that the Plaintiff relied upon. Pursuant to said agreement, the Plaintiff would receive services

from Ms. Carbone for which the Plaintiff provided compensation. The compensation consisted of

the Plaintiff providing a Quitclaim Deed, [Complaint, Exhibit G], which was recorded at the

Suffolk County Registry of Deeds, recorded in Book 47777, at Page 232, granting Ms. Carbone a

remainder interest in the Property, with the Plaintiff retaining a life estate. The Property had no

liens or mortgages on it at that time and had a value in excess of $ 700,000.00.  Ms. Carbone

specifically warranted and represented that she would manage the Property for the benefit of the

Plaintiff, which included Ms. Carbone collecting all of the rents and then making payment of

obligations to maintain the Property. Additionally, Ms. Carbone was to organize the bills for the

Property, so that they could be timely paid by the Plaintiff. Additionally, Ms. Carbone was to

cash the Social Security Checks of the Plaintiff and his Retirement Checks. Additionally, Ms.

Carbone was to balance the accounts held at Citizens and Nationwide. Ms. Carbone breached

these duties and obligations.

30. ]    The agreement between the Plaintiff and Ms. Carbone was, in part, based upon the

specific warranties and representations that were relied upon by the Plaintiff that induced him to

provide the compensation stated, so that during the Plaintiff's life time, the Plaintiff would have

and would be the only person with total control over the Property and his two referenced

accounts, including that the Plaintiff would rceive the beneift from the Property being free and

clear of liens. The rental payments were to pay Property expenses only, to keep the Property free

and clear so that Ms. Carbone would do nothing to interfere with the Plaintiff's warranted and

represented rights to control and operate said Property, with no liens to be placed thereupon.

31. ]    The account held by the Plaintiff at Citizens was a Platinum Checking Account,

which has an Account Number ending in XXXXXX0204, [Complaint, Exhibit E[A]]. The only

person authorized to make withdrawals and/or transfers from said account was the Plaintiff. Ms.

Carbone warranted and represented that the Plaintiff would maintain total and complete control

over this account, that funds placed into and maintained within said account would be used solely

for the benefit of the Plaintiff, that the funds placed into said account would remain in said

account untouched by Ms. Carbone, and that the Plaintiff would be the only person to use this

account. Based upon the reasonable reliance upon these warranties and representations, the

Plaintiff allowed Ms. Carbone to balance said accounts, using the received Monthly Statements,

and she would receive private information relating to the Plaintiff, which she used to the

detriment of the Plaintiff.

---

**OPPOSITION**

32. ]   From on or about December 20, 2016 through July 12, 2018, Ms. Carbone,

without the Plaintiff's knowledge, consent or authority and by falsely forging the name of the

Plaintiff by signing the Plaintiff's name on Withdrawal Forms, improperly withdrew funds from

the Nationwide Life Insurance Company Contract, in the sum of $ 422,000.00, which

withdrawals are jointly attached as [Complaint, Exhibit F[A]], and incorporated herein as if

referenced here in full These withdrawals, [Complaint, Exhibits F[A] and H], consist of the

following:

        A. ]   $ 7,000.00 taken on or about 06-12-18;

        B. ]   $ 13,000.00 taken on or about 05-30-18;

        C. ]   $ 15,000.00 taken on or about 07-12-18;

        D. ]   $ 20,000.00 taken on or about 06-25-18;

        E. ]   $ 20,000.00 taken on or about 08-21-17;

        F. ]   $ 27,000.00 taken on or about 09-07-17;

        G. ]   $ 30,000.00 taken on or about 07-06-17;

        H. ]   $ 30,000.00 taken on or about 07-31-17; and

        I. ]   $ 260,000.00 taken on or about 12-20-16.

33. ]   From on or about January 04, 2017 through July 19, 2018, Ms. Carbone deposited

approximately $ 105,000.00 of the funds improperly withdrawn by Ms. Carbone, without

authority, from the Plaintiff's Nationwide Account with a Contract Number ending in

XXXXX8954, [Complaint, Exhibits F[A] and H], into the Plaintiff's Citizens Bank Platinum

Checking Account with an Account Number ending in XXXXXX0204, [Complaint, Exhibit

E[A]], and then these funds were removed from this account by Ms. Carbone, who did so

without the knowledge, consent and/or authority of the Plaintiff and to his detriment.

34. ]    From on or about January 04, 2017 through July 19, 2018, Ms. Carbone deposited

approximately $ 57,000.00, [Complaint, Exhibit H], of the funds improperly withdrawn, without

authority, from the Plaintiff's Nationwide Account with a Contract Number ending in

XXXXX8954, [Complaint, Exhibit F[A]], and these funds were then placed into Ms. Carbone's

joint Citizens Bank Checking Account with an Account Number ending in XXXXXX1329, to

the detriment of the Plaintiff.

35. ]    On of about January 04, 2017, Ms. Carbone took for her benefit and deposited

approximately the sum of $ 260,000.00 of the funds improperly withdrawn, without authority,

from the Plaintiff's Nationwide Account with a Contract Number ending in XXXXX8954,

[Complaint, Exhibits F[A] and H], into an account of Ms. Carbone, to the detriment of the

Plaintiff.

36. ]    From approximately June 14, 2017 through August 13, 2018, Ms. Carbone

withdrew, without authority, funds from the Plaintiff's Citizens Bank Platinum Checking

Account with an Account Number ending in XXXXXX0204, [Complaint, Exhibits E[A] and H],

and caused amounts due, fees and/or charges to accrue in the amount of approximately in the

sum of $ 444,688.68, all to the detriment of the Plaintiff, as indicated on the Accounting attached

as [Complaint, Exhibit H].

37. ]    Ms. Carbone has been collecting rents from the Property from the residential

tenants located therein, which funds were to be used to make payment of the obligations due

relating to said property. Instead, Ms. Carbone failed and neglected to make payment of the

---

**OPPOSITION**

obligations to operate this Property, including, but not limited to, the real estate taxes, the gas

service bills, the electric service bills, the water and sewer bills, the oil service bills and such

other and necessary invoices, as concerns the Property, known as 15 and 17 Grove Street, in

Chelsea, Suffolk County, Massachusetts 02150-2915, which is where the Plaintiff resides and in

which the Plaintiff has a Life Estate, which has been placed into jeopardy by these failures, all to

the detriment of the Plaintiff.

38. ]   Ms. Carbone breached her duty, obligation and agreement to keep the obligations

of the Property current and caused the Property to fall into arrears with the Chelsea taxing

authority, causing it to be placed onto the list of properties to be taken for non payment of taxes.

While this was taking place, Ms. Carbone warranted and represented that all of the obligations

were current.

39. ]   Ms. Carbone has failed to pay water and sewer bills from the City Of Chelsea,

outstanding, at the time of the filing of this suit, in the sum of $ 3,791.52. Ms. Carbone breached

her duty and obligation to keep the obligations of the Property current and caused the Property to

fall into arrears with the Chelsea taxing authority, causing it to be placed onto the list to be taken

for non payment of taxes. While this was taking place, Ms. Carbone warranted and represented

that all of the obligations were current.

40. ]   Ms. Carbone has failed to pay real estate tax bills and assessment, from the City

Of Chelsea, at the time of the filing of this action, in the sum of $ 14,773.92. Ms. Carbone

breached her duty and obligation to keep the obligations of the Property current and caused the

Property to fall into arrears with the Chelsea taxing authority, causing it to be placed on the list to

be taken for non payment of taxes. While this was taking place, Ms. Carbone warranted and represented that all of the obligations were current.

41. ]   As a part of the actions of deceit, fraud and concealment of Ms. Carbone, Ms. Carbone provided false Statements, from the two [2] financial institutions named herein, as stated above, which Statements, [Complaint, Exhibits E and F], indicated balances that were not the actual balances in each account, as each account had substantial withdrawals made that were concealed from the Plaintiff. These actions were to the detriment of the Plaintiff. In fact, none of the improper withdrawals were indicated in either account's statements. This was to conceal the theft of said funds by Ms. Carbone.

42. ]   In open Court, speaking for Ms. Carbone, her attorney advised the Honorable Justice Richard G. Stearns that Ms. Carbone understood that she would be **FORFEITING PROPERTY** and that she understood that additionally she would be obligated to make **RESTITUTIO**N, approximately in the sum of about $ 493,000.00, more or less. The issue of what will be subject to forfeiture and how restitution will be paid is now in the hands of the Department at the Department Of Justice that deals with such issues.

43. ]   In this case, as in the Federal Court Action, in summary, the claims against Ms. Carbone deal with her entering into an **AGREEMENT** with Mr. Kerr, around the Year 2011, by which she would have a Remainder Estate granted to her by Mr. Kerr, which he did, in exchange for her thereafter making timely payment of his expenses and timely collecting his income and funds due and securing them for his future, so that she would be eligible for the Remainder Estate so long as she maintained her contractual obligations, pursuant to the terms and conditions

**OPPOSITION**

of their <u>AGREEMENT</u>. The Plaintiff alleged she breached the <u>AGREEMENT,</u> so that she no longer holds a Remainder in he Property.

44. ]    Amounts taken from Nationwide by Defendant: $7,000.00 taken on or about 06-12-18; $13,000.00 taken on or about 05-30-18; $15,000.00 taken on or about 07-12-18; $20,000.00 taken on or about 06-25-18; $ 20,000.00 taken on or about 08-21-17; $27,000.00 taken on or about 09-07-17; $30,000.00 taken on or about 07-06-17; $30,000.00 taken on or about 07-31-17; and $260,000.00 taken on or about 12-20-16. The Defendant took $ 100,000.00 more or less resulting from Savings Bonds and Rental Receipts of about $ 50,000.00 per year from the Year 2011 through September of 2018.

45. ]    The Plaintiff incorporates by reference thereto, as if stated here in full the Plaintiff's **Verified Complaint** and **Exhibits,** as **Amended**.

46. ]    Further, the Government's action may be premature, as the parties in the Civill Action have been discussing a possible resolution, which would remove the real property in issue from the forfeiture status and which would resolve the Restitution issue in full, which is in the best interest of all concerned.

47. ]    Finally, by way of seeking to bring these issues to an end favorable to all concerned, Mr. Brooks would consider entering into an Agreement with the Government that he will Release his Lien and consider the issues of Restitution resolved if the Government would agree to sell the real estate and grant to Mr. Brooks, via his attorney of record, the sum of Six Hundred Seventy-Five thousand Dollars [$ 675,000.00].

### [COMPLAINT, EXHIBITS]

The Plaintiff attaches the following <u>Exhibits</u>:

**OPPOSITION**

Page # 18
Monday, October 24, 2022

1. ]   **EXHIBIT A** =   Affidavit of Patricia Johnson;

2. ]   **EXHIBIT B** =   Affidavit of Robert Brooks;

3. ]   **EXHIBIT C** =   Affidavit of Wayne Kerr;

4. ]   **EXHIBIT D** =   Affidavit of John Brooks;

5. ]   **EXHIBIT E** =   Citizen Bank Statements - Fake

6. ]   **EXHIBIT E[A]** =   Citizen Bank Statements - Real

7. ]   **EXHIBIT F** =   Nationwide Insurance Statements - Fake

8. ]   **EXHIBIT F[A]** =   Nationwide Insurance Statements - Real

9. ]   **EXHIBIT G** =   Quitclaim Deed;

10. ]   **EXHIBIT H** =   Accounting Summary; and

11. ]   **EXHIBIT I** =   Carbone Text Messages.

## CONCLUSION

For the reasons set forth above, the Plaintiff respectfully moves that this Honorable Court

DENY the stated Motion, in part, for the reasons stated and in part, as premature.

Respectfully submitted,
Robert Brooks,
Personal Representative of the Estate of
Wayne T. Kerr,

/s/ Joseph S. Provanzano
Joseph S. Provanzano, Esquire
BBO # 407400
**LAW OFFICES OF
JOSEPH S. PROVANZANO**
16 Bourbon Street, Suite C
Peabody, MA 01960-1545

Telephone    : [978] 535 - 8222
Date         : Monday, January 21, 2019

## OPPOSITION

File No.    : P09-3175
E-Mail     : JP@JOEPROLAW.COM

## CERTIFICATE OF SERVICE

I, Joseph S. Provanzano, Esquire, hereby certify under oath and under the pains and penalties of perjury that on Monday, October 24, 2022Monday, October 24, 2022, that I mailed the above pleading by the United States Postal Service, first class mail, postage prepaid, to Attorney Carol E. Head, Assistant United States Attorney, United States Attorney's office, 1 Courthouse Way, Suite 9200, Boston, MA 02210.

Signed and sealed this Monday, October 24, 2022Monday, October 24, 2022.

/s/ Joseph S. Provanzano
Joseph S. Provanzano, Esquire
BBO # 407400

**OPPOSITION**