UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

20-cr-10048-RGS
25-cv-11096-RGS

JAYNE CARBONE, Petitioner

v.

UNITED STATES OF AMERICA, Respondent

ORDER ON PETITIONER'S MOTION FOR
RELIEF UNDER 28 U.S.C. § 2255

October 23, 2025

STEARNS, D.J.

Petitioner Jayne Carbone has filed a pro se motion under 28 U.S.C. § 2255 requesting that the court vacate her conviction. Carbone makes two arguments for relief under section 2255 – that Carbone's victim, Wayne Kerr, was mentally incompetent to testify at his pretrial deposition (which was later admitted at trial); and that her counsel rendered constitutionally ineffective assistance by failing to seek Kerr's medical records (including a competency evaluation and a list of medications that he was taking on the day of the deposition); and was "distracted" by personal matters that affected her trial preparation and performance. For the following reasons, the motion is DENIED.

BACKGROUND

In February 2020, a Massachusetts federal grand jury indicted Carbone, charging her with wire fraud, in violation of 18 U.S.C. § 1343, and aggravated identity theft, in violation of 18 U.S.C. § 1028A. (Dkt # 17). Carbone was accused of embezzling money from her sick uncle, Wayne Kerr, after Kerr entrusted Carbone to manage his finances.  Carbone made unauthorized withdrawals from Kerr's annuity policy and bank accounts. Carbone fabricated account statements to conceal the theft and spent these amounts on personal expenses, including retail purchases and mortgage payments.

In the months leading up to the trial, Kerr suffered from Parkinson's disease and stage four metastatic cancer, which led to the court authorizing Kerr's pre-trial video deposition, pursuant to Fed. R. Crim. P. 15 and, over Carbone's objection, admission of Kerr's deposition at trial.  Carbone was tried over five days before a jury, which convicted her on each of the Indictment's charges. (Dkt # 97).  On May 9, 2022, she was sentenced to 54 months' imprisonment; three years' supervised release; and to pay restitution totaling $493,729.94. (Dkt # 112). The Bureau of Prisons released Carbone from custody on April 23, 2025, but she remains on supervised release.

DISCUSSION

Section 2255 is not a substitute for direct appeal – it provides post-conviction relief in four limited instances: "if the petitioner's sentence was (1) imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998). "The catch-all fourth category includes only assignments of error that reveal 'fundamental defect[s]' which, if uncorrected, will 'result[] in a complete miscarriage of justice,' or irregularities that are 'inconsistent with the rudimentary demands of fair procedure.'" *Id.*, quoting *Hill v. United States*, 368 U.S. 424, 428 (1962). In other words, a cognizable Section 2255 claim that does not raise constitutional or jurisdictional issues must reveal "exceptional circumstances" that compel redress. *Id.* The petitioner bears the burden of demonstrating an entitlement to relief. *Mack v. United States*, 635 F.2d 20, 26-27 (1st Cir. 1980).

Moreover, section 2255 is not a vehicle for relitigating an issue decided adversely to a petitioner on direct appeal. *See United States v. Butt*, 731 F.2d 75, 76 n.1 (1st Cir. 1994). Carbone's principal argument for vacating her sentence is the admission of Kerr's videotaped deathbed deposition at trial. This issue, in all particulars, was fully litigated on appeal to the First Circuit

3

where it was decided against petitioner (Carbone argued to the First Circuit that the district court mishandled procedural and evidentiary issues surrounding Kerr's physical and mental health). *See United States v. Carbone*, 110 F.4th 361 (1st Cir. 2024). On August 1, 2024, the First Circuit rejected Carbone's claims that, among other things, the district court should have given defense counsel more time to prepare for Kerr's deposition, and that it erred when finding Kerr competent to testify as of the time of his deposition. *See Carbone*, 110 F.4th at 301.

Petitioner's remaining claims are directed against the performance of one of her two trial counsel, who Carbone claims was experiencing personal problems in the run-up to (and during) the trial. A claim of ineffective assistance of counsel requires a defendant to show that (1) her counsel made errors so serious that counsel's performance fell below an objective standard of reasonableness, and (2) the defendant suffered prejudice as a result. *See Rivera v. Thompson*, 879 F.3d 7, 12 (1st Cir. 2018) (citing *Strickland v. Washington*, 466 U.S. 668, 687-689 (1984)). Two veteran and able counsel from the Federal Public Defender Office represented Carbone at trial. Carbone cites no concrete and verifiable examples in the trial record of deficiencies in counsel's performance, certainly none that would overcome the presumption of reasonable professional assistance posited in *Strickland*.

4

Moreover, as the judge who presided over the entire course of the trial, I saw nothing that would cause me to question Attorney Olson's oft-demonstrated competence as a trial lawyer in Carbone's case or any other.

## ORDER

For the foregoing reasons, Petitioner's motion to vacate her sentence under 28 U.S.C. § 2255 is DENIED.

SO ORDERED.

   /s/Richard G. Stearns
UNITED STATES DISTRICT JUDGE